UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| MICHAEL JOHN MODENA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-107 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| KIMBERLY KAY MODENA, | ) | |
| a/k/a Kimberly Kay Leer, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

This purports to be a declaratory judgment action brought by Michael John Modena against his estranged wife, Kimberly Kay Modena, to declare their respective rights in a parcel of real estate. Plaintiff's petition for declaratory judgment is virtually incomprehensible, as it is written in the pseudo-legalese employed by the tax protester movement in this country. The petition is sufficient to disclose, however, that Kimberly Kay Modena has sued plaintiff for divorce and that one of the items of marital property is real estate located in Muskegon County, Michigan. As is true for most real estate located in the State of Michigan, title to the Muskegon County property can be traced to a federal land patent. Plaintiff attaches to his complaint a land patent issued in 1880 under the authority of President Rutherford B. Hayes. On the strength of this federal land patent, plaintiff alleges that this court has subject-matter jurisdiction to declare his superior right to the Muskegon County property as against his estranged wife, and that the state divorce courts lack authority to adjudicate rights in the property.

Plaintiff is no stranger to this court. He was convicted after a jury trial in 1999 of conspiracy to defraud the United States government for his participation in an elaborate tax protester scheme. (*See United States v. Russell, et al.*, case no. 1:99-cr-47). On November 22, 2000, Chief Judge Robert Holmes Bell sentenced Mr. Modena to 60-months' imprisonment and three years of supervised release, in addition to fines and an order of restitution. Mr. Modena appealed as of right to the Sixth Circuit Court of Appeals. By opinion entered September 9, 2002, the Court of Appeals affirmed the conviction, but vacated the sentence solely with regard to terms of supervision. *See United States v. Modena*, 302 F.3d 626 (6th Cir. 2002). The Supreme Court denied *certiorari*. Thereafter, Mr. Modena deluged this court with frivolous challenges to his conviction, leading Chief Judge Bell to enter an order on May 6, 2003, requiring screening of all Mr. Modena's submissions to determine whether they have any facial merit. The Court of Appeals refused Mr. Modena's request for mandamus relief from Chief Judge Bell's order. Heedless of the court's order, Mr. Modena has continued to deluge the court with dozens of frivolous filings. Additionally, the records of the Sixth Circuit Court of Appeals indicate over twenty appellate proceedings involving Mr. Modena. This case is another example of plaintiff's relentlessly frivolous lawsuits.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section

1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Benzon v. Morgan Stanley Distrib., Inc.,* 420 F.3d 598, 605 (6th Cir. 2005). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, I recommend that plaintiff's complaint be dismissed for lack of subject-matter jurisdiction.

**Discussion**

Plaintiff seeks a declaration against his estranged wife establishing his superior interest in a parcel of residential real estate located in Muskegon County. Plaintiff's complaint discloses that he is presently in divorce proceedings with his wife, leading to the fair inference that the real estate is or will be the subject of state-court divorce proceedings. The only basis discernable for federal jurisdiction over this case is that plaintiff claims his interest in the real estate on the basis of a federal land patent. Plaintiff's complaint alleges that the "state courts lack jurisdiction over federal land patents via Treaty law and thus this court is moved to issue declaratory judgment, that for all the above, the Petitioner has pre-eminent claim and title to the real estate above." (Compl. at 2).

In general, jurisdiction extends only to cases or controversies involving parties of completely diverse citizenship and the requisite amount in controversy, 28 U.S.C. § 1332(a), or cases

arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff's submissions make it clear that he and his estranged wife are both citizens of the State of Michigan. Consequently, the only available basis for federal jurisdiction is the existence of a federal question. To determine whether a claim arises under federal law, the court must examine the "well-pleaded" allegations of the complaint. *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). A claim arises under federal law when the plaintiff's statement of his own cause of action shows that it is based upon federal laws or the federal Constitution. *See Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006) (quoting *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). When federal law does not create the cause of action, federal-question jurisdiction may exist when the plaintiff's right to relief depends upon the construction or application of federal law. *See Grable & Sons Metal Prods., Inc. v. Darue Eng. & Mfg.*, 545 U.S. 308, 312-13 (2005).

In the present case, plaintiff's claim is not created by federal law, nor does the resolution of plaintiff's claim require a construction or application of federal law. Rather, plaintiff seeks to invoke the subject-matter jurisdiction of this court merely because his interest in real estate is traceable to a federal land patent. It has been clear for almost 100 years that this is insufficient to create federal-question jurisdiction. In *Shulthis v. McDougal*, 225 U.S. 561 (1912), the Supreme Court found that there was no federal-question jurisdiction to hear a plaintiff's quiet title claim, because the federal statutes on which title depended were not subject to "any controversy respecting their validity, construction, or effect." *Id.* at 570. As the Court put it, the requirement of an actual dispute about federal law was "especially important" in suits involving rights to land acquired under a federal land patent, because otherwise "every suit to establish title to land in the central and western states would so arise [under federal law], as all titles in those states are traceable back to

those laws." *Id.* at 569-70; *accord Grable*, 545 U.S. at 316 n.3. Since the time of *Shulthis*, the Supreme Court has repeatedly reaffirmed the rule that federal land patents do not confer federal-question jurisdiction. *See, e.g., Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 676-77 (1974) ("Once a patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is normally insufficient for 'arising under' jurisdiction merely to allege that ownership or possession is claimed under a United States patent."); *Barnett v. Kunkel*, 264 U.S. 16, 20021 (1924) (same).

On the basis of *Shulthis* and its progeny, the federal circuit courts have repeatedly rejected the invocation of federal-question jurisdiction by plaintiffs who merely allege that their interest in real estate is traceable to a federal land patent. *See, e.g., Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000); *Hilgeford v. Peoples Bank*, 776 F.2d 176, 178 (7th Cir. 1985) (*per curiam*) ("It is well settled . . . that a controversy regarding land has never been regarded as presenting a federal question simply because one of the parties to it has derived his title from a patent or under an act of Congress."); *accord Annis v. Collins*, 225 F. App'x 742, 743-44 (10th Cir. 2007); *Standage Ventures, Inc. v. Arizona*, 499 F.2d 248, 249 (9th Cir. 1974). The Sixth Circuit agrees. *Cragen v. Comerica Mort. Co.*, No. 94-2246, 1995 WL 626292, at * 1 (6th Cir. Oct. 24, 1995) (plaintiffs not entitled to enjoin foreclosure on real estate merely because plaintiffs' title based on federal land patent).

The lack of subject-matter jurisdiction may be raised at any time by the court *sua sponte*. *See Schultz v. Gen. RV Center*, 512 F.3d 754, 756 (6th Cir. 2008). In the present case, plaintiff's assertion that his claim to real estate is founded upon a federal land patent is insufficient

to create subject-matter jurisdiction.  Plaintiff must submit his claims to the state circuit court, which has jurisdiction over the dispute between plaintiff and his estranged wife.

## **Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed for lack of subject-matter jurisdiction.


Dated:   April 1, 2008                                      /s/  Joseph G. Scoville
                                                                        United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).